UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JAMES IRA SAMPLES et al.**                                                                    **PLAINTIFFS**

**v.**                                                               **CIVIL ACTION 5:25-CV-P162-JHM**

**CARRIE OVEY-WIGGINS et al.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff James Ira Samples filed the instant 42 U.S.C. § 1983 action and a motion for leave to proceed *in forma pauperis* (DN 3). On review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a) and **GRANTS** the motion (DN 3). This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this case will be dismissed. The Court also will deny Plaintiff's motion (DN 8) to reconsider the denial of his motion for a temporary restraining order (TRO).

### I. SUMMARY OF ALLEGATIONS

Plaintiff names as Defendants Carrie Ovey-Wiggins, Commonwealth's Attorney; Holly Alisha McNeil, Kentucky Department of Public Advocacy (DPA) Attorney; the Honorable William Anthony Kitchen, III, McCracken Circuit Judge; and Alyssa Nicole Wiggins, DPA Public Defender. He alleges claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments connected with a state-court criminal jury trial set to begin the day after filing his complaint on a charge of flagrant non-support of his children.

Plaintiff alleges that Defendant Ovey-Wiggins should have recused herself as Commonwealth's Attorney. According to the complaint, she filed a motion *in limine* to prevent

Plaintiff's use of "crucial evidence" at trial and is aware of "false charges" brought against him and "false imprisonments" he suffered. He alleges that Defendant Kitchen has been provided evidence of Defendant Ovey-Wiggins having brought "false charges" and "false imprisonments" and that "he is preventing due process." He accuses Defendants McNeil and Wiggins, his defense counsel, of denying him due process and effective counsel.

As relief, Plaintiff requests damages and a restraining order to prevent the jury trial going forward against him.

Plaintiff attaches several exhibits. Two are "affidavits" from Plaintiff and his father, both of which appear to have been signed in 2016. Although styled as affidavits, neither is signed under penalty of perjury. Another is a screenshot of a text message, apparently to the mother of his children.

## II. STANDARD

Because this case is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded

factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, when considering a *pro se* complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint).

### III. ANALYSIS

#### A. Defendant Judge Kitchen

The complaint alleges that Judge Kitchen has been provided with evidence of Defendant Ovey-Wiggins's actions and has "ordered a Response, 'through counsel.'"

"It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Additionally, "in any action brought against a judicial officer for an act or omission taken in such

3

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff has not identified any actions by Judge Kitchen taken outside of his capacity as a judge. Thus, because Plaintiff's claims against Judge Kitchen relate solely to actions taken in his judicial capacity and his complaint does not allege the violation of a declaratory decree or the unavailability of such relief, the Court will dismiss the claims for seeking relief from a defendant who is immune from such relief.

### B. Defendant Ovey-Wiggins

The Supreme Court has extended absolute immunity to prosecutors from a suit for damages under § 1983 when the activity involved is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "[D]eciding to initiate a prosecution is subject to absolute immunity." *Howell v. Sanders*, 755 F. Supp. 2d 789, 796 (E.D. Ky. 2010) (citing *Imbler*, 424 U.S. at 431). Moreover, "[a]s the line of absolute-immunity cases make[s] clear, . . . a prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state." *Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claims alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

Nothing in the complaint suggests that Defendant Ovey-Wiggins was acting in any capacity other than in her role as advocate for the Commonwealth in the judicial process involving the prosecution of the charge against Plaintiff. Therefore, Plaintiff's claims against her for monetary relief are barred by prosecutorial immunity and will be dismissed.

4

### C. Defendants McNeil and Wiggins

Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Accordingly, the claims against these Defendants will be dismissed for failure to state a claim.

### D. *Younger* abstention

The Court turns to Plaintiff's requested relief of a restraining order preventing his upcoming jury trial, which a review of the Kentucky courts' electronic data base shows is now set for February 6, 2026. As the Court explained in its Memorandum and Order (DN 7) denying Plaintiff's motion for a TRO, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). The underlying concern of *Younger* is the "threat to our federal system posed by displacement of state courts by those of the National Government." *Moore v. Sims*, 442 U.S. 415,

423 (1979). Accordingly, "*Younger* abstention requires the federal court to defer to the state proceeding." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). The Sixth Circuit has held *Younger* abstention is appropriate "when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles*, 448 F.3d at 865. All three *Younger* factors require abstention in this case. Plaintiff seeks to enjoin an ongoing state criminal prosecution, the Commonwealth of Kentucky has an interest in enforcing its laws, and Plaintiff will have an adequate opportunity to raise his constitutional claims during the state court criminal proceeding. *See Mincey v. Ohio*, No. 1:20-CV-1039, 2021 WL 456722, at *3 (S.D. Ohio Feb. 9, 2021), *report and recommendation adopted*, No. 1:20CV1039, 2021 WL 735206 (S.D. Ohio Feb. 25, 2021).

In addition, Plaintiff has filed a motion to reconsider (DN 8) the Court's denial of his motion for TRO. He argues that extraordinary circumstances exist such that the Court should intervene despite *Younger* because of "[b]ad-faith prosecution, harassment, or irreparable constitutional circumstances." He points to the three and a half year pending prosecution in violation of his right to a speedy trial; repeated "denials" of effective assistance of counsel; and the "cumulative effect" of these circumstances. He also asserts that he has been prohibited from providing "comparative" testimony regarding the children's mother's "drug-infested household," that he has suffered from "false arrests and denial of due process," and he had "to seek asylum in Europe."

In fact, the circumstances that Plaintiff points are not extraordinary at all and can be addressed at trial, during the appellate process, and in seeking post-conviction relief. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (DN 8) is **DENIED**.

The Court will abstain under *Younger* regarding his request to enjoin the state court proceeding.

### IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: October 29, 2025

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:　　Plaintiff, *pro se*
4414.009